UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Crim. Case No.: 1:05-cr-349(JR) |
| | : | |
| **v.** | : | |
| | : | |
| **MIGUEL CARMONA-ZAMORA** | : | |

### MOTION TO DISMISS COUNT 2 OF THE INDICTMENT FOR LACK OF EVIDENCE

COMES NOW DEFENDANT, Miguel Carmona-Zamora, through undersigned counsel, and hereby submits this motion to dismiss Counts 2 of the Indictment for lack of evidence.

### Aggravated ID Theft

Count 2 of the Indictment alleges that Miguel Carmona-Zamora violated 18 U.S.C. §1028A(a)(1), Aggravated Identity Theft. The language of this new section of the United States Code states that a defendant "did knowingly transfer, possess and use, without lawful authority, a means of identification of another person... ." *Id* Count 2 simply alleges that Miguel Carmona-Zamora knowingly transfer, possess and use, without lawful authority, a means of identification of another person during and in relation to a felony offense relating to fraudulent and false documents specified in count one of the indictment. Specifically, Count 2 alleges the fraudulent documents included false social security cards with the last four digits 2908, 9284, 7832, and a false resident alien card with the last four digits 5089.

## "Knowledge" Element of 18 U.S.C. §1028A

The plain language of 18 U.S.C. § 1028A is that a person "did knowingly transfer" the identity of another person. The defendant maintains that the government cannot establish the "knowledge" element of the statute. He argues that he did not have any knowledge that any social security card or resident card involved in this case belonged to another person. This motion is based on the conclusion that the government's evidence can only go so far as to reflect that the defendant may have merely possessed some of the false documents referenced in the Indictment, *not* that he obtained a person's identity information and produced any such false documents. Therefore, assuming the limitation of the government allegation, the government cannot sustain a conviction under § 1028A and Mr. Carmona-Zamora argues that knew that there is no evidence that he knowingly used the identity of an actual individual.

## Relevant Case Law

Since § 1028A is so new, case law is limited. In the case of *United States v. Montejo,* 353 F.Supp.2d 643 (E.D. Va 2005), a District Court held that §1028A does not require that a defendant have knowledge that the false identity document actually contained information that belonged to another person. However, the defense will argue that district court ruling in *Montejo* is overruled in light of the Supreme Court decision in *Arthur Andersen v. United States,* __U.S__ , 125 S.Ct. 2129 (2005). In *Arthur Andersen,* the Supreme Court addressed the knowledge element of a crime and the necessity to read a statute at face value. In relevant part, the late Chief Justice Rehnquist clearly stated: "[K]nowledge" and "knowingly" are normally associated with awareness, understanding, or consciousness. See Black's Law Dictionary 888 (8th ed. 2004)

(hereinafter Black's); Webster's Third New International Dictionary 1252-1253 (1993) (hereinafter Webster's 3d); American Heritage Dictionary of the English Language 725 (1981) (hereinafter Am. Hert.). "Corrupt" and "corruptly" are normally associated with wrongful, immoral, depraved, or evil. See Black's 371; Webster's 3d 512; Am. Hert. 299-300. Joining these meanings together here makes sense both linguistically and in the statutory scheme. Only persons conscious of wrongdoing can be said to "knowingly... corruptly persuad[e]." And limiting criminality to persuaders conscious of their wrongdoing sensibly allows § 1512(b) to reach only those with the level of "culpability ... we usually require in order to impose criminal liability." *United States* v. *Aguilar,* 515 U.S., at 602; see also *Liparota* v. *United States, supra,* at 426. *Id, at 2135-2136.* Mr. Miguel-Zamora asserts that the language of Arthur Andersen supports dismissal of Count 2 in light of the lack of government evidence that he had any knowledge that the information on the Social Security card or employment authorization card belonged to another person.

    WHEREFORE, Miguel Carmona-Zamora respectfully asks this Court to dismiss Count 2 of the Indictment for lack of evidence.

Respectfully submitted,

_____
Veta M. Carney
District of Columbia Bar # 438779
601 Pennsylvania Avenue, NW
South Building - Suite 900
Washington, D.C. 20004
(202) 434-8234
Fax:  (703) 323-9760

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that this pleading has been distributed to all parties via ECF Filing.

_____
Veta M. Carney